# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs November 2012

## STATE OF TENNESSEE v. DESI KRIS MOORE

**Appeal from the Circuit Court for Bedford County**
**No. 17258      Robert Crigler, Judge**

---

**No. M2012-00772-CCA-R3-CD - Filed January 18, 2013**

---

The defendant, Desi Kris Moore, was convicted of rape of a child, a class A felony, and aggravated sexual battery, a Class B felony, and received an effective twenty-five-year sentence. In this appeal, the defendant claims his sentence is excessive and contrary to law. Following our review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which JERRY L. SMITH and ALAN E. GLENN, JJ., joined.

Donna L. Hargrove, District Public Defender; Michael J. Collins, Assistant District Public Defender, for the appellant, Desi Kris Moore.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Charles Crawford, District Attorney General; Michael Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Procedural and Factual Background

The facts adduced at the October 27, 2011 jury trial are not in dispute. The trial testimony revealed that the defendant placed his mouth on the penis of the minor victim who was less than thirteen years of age and that the defendant touched the minor victim's penis through the victim's clothing. The defendant testified at trial and admitted to the specific conduct alleged. The defendant's prior statement to law enforcement was introduced at trial and generally corroborated the trial testimony of the victim and the defendant. The jury

convicted the defendant on one count of rape of a child and one count of aggravated sexual battery.

At the sentencing hearing, the trial court sentenced the defendant as a Range I, standard offender. Recognizing the statutorily mandated twenty-five-year minimum sentence at 100 percent for rape of a child, the court imposed the twenty-five-year sentence. For the aggravated sexual battery conviction, the court noted a sentencing range of eight to twelve years with service at 100 percent. The court found no applicable mitigating circumstances but indicated it gave great weight to the defendant's history of criminal behavior or conduct based on the proof at trial, the defendant's own testimony, and the reference in the presentence report to an investigation into the defendant's alleged possession of thousands of electronic images involving sexual acts of minors. Having found the existence of this enhancing factor, the court found it unnecessary to consider the remaining enhancing factors and imposed a twelve-year sentence for the aggravated sexual battery conviction. After taking the issue of consecutive versus concurrent sentences under advisement, the court stated that the absence of psychological proof left it without sufficient evidence to impose consecutive sentences. Accordingly, the court ordered the twenty-five-year and twelve-year sentences to run concurrently for an effective twenty-five-year sentence. The defendant timely filed a notice of appeal.

**Analysis**

In this appeal, the defendant maintains that his sentence is excessive and contrary to law. His argument is essentially two-fold. First, he claims the trial court's imposition of the twenty-five-year sentence for rape of a child is excessive and was not appropriate under the facts in the record. Secondly, for the first time on appeal, the defendant submits that Tennessee Code Annotated section 39-13-522(b)(2)(A) is unconstitutional.

A. Excessive Sentence

Our review of a defendant's challenge to the length, range, or manner of service of a sentence had been de novo with a presumption that "the determinations made by the court from which the appeal is taken are correct." T.C.A. § 40-35-401(d) (2010). In a recent decision, however, our supreme court provided a thorough review of the more recent developments in our sentencing laws and adopted a new standard of review for sentencing in light of these changes. *State v. Bise*, ____ S.W.3d ____, No. E2011-00005-SC-R11-CD (Tenn., Sept. 26, 2012). In announcing the new standard of review, the *Bise* court reasoned:

[W]hen the 2005 amendments vested the trial court with broad

discretionary authority in the imposition of sentences, de novo appellate review and the "presumption of correctness" ceased to be relevant. Instead, sentences imposed by the trial court within the appropriate statutory range are to be reviewed under an abuse of discretion standard with a "presumption of reasonableness."

*Id*. Therefore, we review the defendant's sentence challenge under an abuse of discretion standard with a "presumption of reasonableness." *Id*.

We first examine the defendant's claim that the trial court imposed a sentence that was excessive in light of the facts of this case. In support of his argument, the defendant cites the purposes and sentencing considerations of the Tennessee Criminal Sentencing Reform Act of 1989, but makes no claim that the trial court incorrectly applied or considered enhancing or mitigating factors or otherwise erred when it ordered the sentences to run concurrently. Instead, he simply claims the twenty-five-year sentence was excessive. Nonetheless, we will examine the trial court's sentencing determinations in their entirety.

At the sentencing hearing, the court first considered the sentence for the rape of a child conviction. It determined that the defendant was a Range I standard offender which typically carried a range of punishment of fifteen to twenty-five years for a Class A felony. However, citing the statutorily mandated twenty-five-year sentence, the court concluded it had no discretion to make an upward or downward departure from this sentence. Next, the court examined the Class B felony conviction of aggravated sexual battery which had a range of punishment of eight to twelve years. At the hearing, the state recited a list of enhancement factors including that the defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range. The court examined the defendant's criminal record contained in the presentence report; however, it placed great weight on a reference in the presentence report that the defendant was under investigation for alleged possession of thousands of images portraying minors engaged in sexual acts. This notation in the report coupled with the trial testimony, including the defendant's own admissions, satisfied the trial court that the strength of this single factor warranted imposition of the maximum sentence within the range. Finally, the court, in ordering the sentences to run concurrently, concluded that the psychological evidence was insufficient to support consecutive sentences. The resulting effective sentence was twenty-five years.

Tennessee Code Annotated section 39-13-522 sets out the elements of the offense of rape of a child. Section (b)(2)(A) provides that "a person convicted of a first or subsequent violation of this section shall be punished by a minimum period of imprisonment of twenty-

five (25) years.  The sentence imposed upon any such person may, if appropriate, exceed twenty-five (25) years, but in no case shall it be less than the minimum period of twenty-five years."  T.C.A. § 39-13-522 (b)(2)(A).  Here, the court correctly concluded that it had no discretion to impose a sentence below the minimum twenty-five-year sentence mandated by this section.

Having reviewed the record, this Court cannot conclude that the trial court erred or otherwise abused its discretion in imposing the statutorily mandated twenty-five-year minimum sentence for the rape of a child conviction and in imposing the concurrent twelve-year sentence for the aggravated sexual battery conviction.

## B.  Constitutionality

Within his sentencing challenge, the defendant further contends that the excessive sentence stems from a statute that is unconstitutional.  He claims the mandatory minimum sentencing provision contained in Tennessee Code Annotated section 39-13-522(b)(2)(A) violates Article I, section 13 of the Tennessee Constitution and the Eighth and Fourteenth Amendments to the United States Constitution.

This issue is raised for the first time on appeal.  It was neither addressed in a pretrial motion or in the defendant's motion for a new trial even though these same arguments were available to the defendant. Similarly, the defendant made no objection to the twenty-five-year sentence on constitutional grounds at the time it was being imposed.  This Court will not address issues raised for the first time on appeal.  *State v. Alvarado*, 961 S.W.2d 136, 153 (Tenn. Crim. App. 1996); *State v. Turner*, 919 S.W.2d 346, 356-58 (Tenn. Crim. App. 1995).  Such claims are waived.  *See* Tenn. R. Crim. P. 12(b)(2); Tenn. R. App. P. 3(e).

Notwithstanding waiver, this Court previously addressed the constitutionality of this section on similar grounds and upheld the statute as constitutional.  *State v. Rhonda Louise Medley*, No. M2009-02446-CCA-R3-CD (Tenn. Crim. App., at Jackson, Jul. 12, 2011).  Even though the defendant invites us to review this issue for the first time on appeal, in light of his waiver of the issue and without presenting specific authority to support his position, we decline to do so.  The defendant has failed to establish that he is entitled to relief.

## CONCLUSION

Based upon the foregoing, the judgment of the trial court is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE